ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM FELIX, | ) | |
| | ) | CASE NO. 5:20CR763 |
| Petitioner, | ) | 5:23CV1347 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Adam Felix's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 123. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Felix's contention appears to be that his trial counsel was ineffective in three instances:

GROUND ONE: COUNSEL WAS INEFFECTIVE FOR FAILING TO CONSULT, APPRISE, INFORM, EFFECTIVELY ADVISE, AND SHOW DISCOVERY TO PETITIONER.

GROUND TWO: COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S DECISION TO PLEA GUILTY OR OPT TO TRIAL.

> GROUND THREE: COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS FELIX'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY.

Doc. 123-1 at 2 (sic throughout).

Felix's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Felix must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Felix must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Initially, the Court notes that Felix's arguments contain nearly no supporting details. For

instance, in Ground One he asserts that his counsel "never discussed or reviewed the evidence and discovery" with him.  Doc. 123-1 at 4.  However, Felix does not explain this allegation any further.  Moreover, to the extent that Felix is suggesting that his counsel failed to discuss his case with him *in any manner*, that assertion is directly refuted by the record as explained below.  The remaining arguments set forth by Felix all center around his contention that his counsel failed to advise him of the differences between a guilty plea and proceeding to trial.  As a result, Felix claims that his guilty plea was not knowing and voluntary.

Each of Felix's contentions are directly refuted by the record.  For example, Felix contends that his counsel failed to advise him of the charges against him and discuss the Government's evidence with him.  However, under oath, the following exchange took place with Felix:

> THE COURT: Have you gone over with Mr. O'Brien the indictment, and do you understand the nature of the charges against you in this case?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have you discussed with Mr. O'Brien all matters pertaining to your case, the evidence against you, possible defenses, witnesses, things of that nature?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have you had adequate time to do that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you satisfied so far with his work for you in this case?
>
> THE DEFENDANT: Yes, Your Honor.

Doc. 125 at 4.  Similarly, Felix swore under oath that he had reviewed his plea agreement with counsel and fully understood its terms.  Doc. 125 at 5.

The Court then reviewed the possible statutory penalties for Felix's crimes, and Felix

indicated that he understood those penalties. Next, the Court explained the nature of the sentencing guidelines and the expected guideline range. Specifically, the Court notes that Felix's plea agreement reserved the right to argue about a leader/organizer enhancement. As a result, it was possible that Felix could have a range of 168 to 210 months or 210 to 262 months. Once again, Felix noted that he fully understood the nature of the guidelines and the possible range that he faced at sentencing.

>The Court also ensured that Felix had not been pressured to enter his guilty plea:
>
>THE COURT: Has anyone tried to force you, coerce you, or threaten you in any way to enter this plea?
>
>THE DEFENDANT: No, Your Honor.

Doc. 125 at 19. Moreover, the Court directed Felix to review the factual basis and relevant conduct related to his conviction that was detailed in his plea agreement. Felix again indicated that he had reviewed that information and admitted to the factual basis that supported the plea.

Based upon the clear and unequivocal statements made by Felix during his plea colloquy, his motion to vacate is DENIED. Each assertion made by Felix was directly refuted by his own statements made under oath. Accordingly, he has failed to demonstrate any entitlement to relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

August 21, 2023                                   /s/John R. Adams
Date                                              John R. Adams
                                                  U.S. District Judge