No. 23-3859

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 13, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| ADAM FELIX, | ) | |
| | ) | |
|    Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Respondent-Appellee. | ) | |

Before: WHITE, Circuit Judge.

Adam Felix appeals the district court's order denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. The court construes his notice of appeal as an application for a certificate of appealability (COA). *See* Fed. R. App. P. 22(b)(2). He also moves to proceed in forma pauperis on appeal. Because reasonable jurists could not debate the district court's decision, the application is denied.

In 2021, Felix pleaded guilty to conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 240 months of imprisonment. This court affirmed. *United States v. Felix*, No. 21-3901 (6th Cir. June 14, 2022).

In 2023, Felix filed his § 2255 motion, claiming that trial counsel performed ineffectively by failing to adequately advise him prior to his guilty plea, failing to show him discovery, coercing him to plead guilty, failing to explain the charges against him, and lying to him about his prison shutting down, which in turn rendered his guilty plea unknowing and involuntary. He also requested discovery and an evidentiary hearing to explore his claims. In an attached affidavit, Felix explained that he met with his appointed attorney just once before deciding to retain private

counsel. He claimed that retained counsel met with him just five times and discussed only potential plea deals, rather than the merits of his case. Specifically, he alleged that counsel never explained to him the elements, charges, or discovery materials, and instead pressured him into pleading guilty. The district court denied the motion, noting that Felix failed to support his claims with factual details, and that, in any case, his claims were refuted by his statements under oath during his plea colloquy. The district court also declined to issue a COA.

This court must now consider whether to grant Felix a COA. To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the denial of a motion is based on the merits, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To satisfy this standard, the applicant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

To show that counsel was ineffective, Felix must establish that (1) counsel performed deficiently and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is considered deficient when it fell "below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption" that an attorney "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. To establish prejudice in the plea-bargaining context, Felix must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The district court thoroughly examined Felix under oath prior to his guilty plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The district court directly asked Felix if counsel had explained the indictment and the nature of the charges and if they had discussed "all matters pertaining to your case, the evidence against you, possible defenses, witnesses, things of that nature?" Felix responded: "Yes,

Your Honor." The district court further asked if Felix had fully reviewed the plea agreement and discussed its terms with counsel, and Felix again responded in the affirmative. These statements made under oath stand in direct conflict with Felix's current claim that counsel failed to address these matters. Reasonable jurists therefore could not debate the district court's conclusion that counsel did not perform deficiently. But even if counsel performed deficiently, Felix cannot show prejudice. The district court discussed the consequences of pleading guilty, explained the terms of the plea agreement, discussed the charges and possible penalties, reviewed the sentencing guidelines and the factors it would consider when fashioning a sentence, listed the rights Felix would be waiving by pleading guilty, and confirmed that Felix agreed with the factual basis contained in the plea agreement. Felix affirmed that he understood all these things. In light of these statements made under oath, reasonable jurists could not conclude that there is a reasonable probability that, but for counsel's alleged errors, Felix would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59. For the same reasons, he cannot show that his plea was not knowingly and voluntarily made. *See Brady v. United States*, 397 U.S. 742, 748 (1970) (stating that a plea is valid if it reflects "sufficient awareness of the relevant circumstances and likely consequences" of the plea).

Felix also asked the district court to allow him to conduct discovery and to hold an evidentiary hearing on his claims. But given that reasonable jurists could not debate that he was not prejudiced even if he were to show that counsel performed deficiently, as discussed above, an evidentiary hearing was not necessary. *See Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (holding that an evidentiary hearing is not required if "the record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Felix thus fails to make a substantial showing of the denial of a constitutional right. Accordingly, the application for a COA is **DENIED**.  His motion to proceed in forma pauperis is **DENIED** as moot.

ENTERED BY ORDER OF THE COURT

_____
Kelly L. Stephens, Clerk