UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20-cr-00763 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| ADAM FELIX, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | (Resolves Doc. 134) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582* (Doc. 134) (the "Motion") filed by *pro se* Defendant Adam Felix ("Felix"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i)* (Doc. 136) and Felix filed an additional reply (Doc. 137).

For the reasons stated below, the Motion is DENIED.

**I.     BACKGROUND**

A federal grand jury charged Felix with conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846 (Count One), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Count Two). Doc. 10. Felix pled guilty pursuant to a plea agreement. Doc. 66.

At sentencing, the Court applied a guideline range of 210–262 months based on an offense level of 37 and a criminal history category of I. *Sentencing Transcript*, Doc. 82 at p. 20. The Court sentenced Felix to 240 months' imprisonment. Doc. 89.

1

Felix now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling circumstances, including his unusually long sentence and positive rehabilitation efforts.

## II. LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is mandatory. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). Felix alleges that he exhausted his administrative remedies (Doc. 134 at 3) but does not include details or evidence as to any request made to the Bureau of Prisons (the "BOP"). The Government alleges the BOP has no record of a request from Felix. Doc. 136 at 2. The plain text of § 3582(c)(1)(A) states that he must complete all administrative appeals or wait 30 days after making a request to the warden. It appears that Felix has done neither, therefore he has not met the exhaustion requirement. However, the Court will construe the administrative history liberally and address the merits of the Motion.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether

the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating extraordinary and compelling reasons as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021) (internal quotation marks omitted). In short, district courts have discretion to define "extraordinary and compelling" circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022).

### A. Unusually Long Sentence

Felix argues that his "unusually long sentence" creates an extraordinary and compelling reason supporting his early release. Doc. 134 at 4. This argument lacks merit for several reasons. First, he has not shown how his sentence of 240 months [within the guideline range of 210–262 months] is "unusually long," aside from conclusively saying as much. *See United States v. Mitchell*, No. 1:12-cr-20332-01, 2024 U.S. Dist. LEXIS 179625, at *10 (E.D. Mich. Aug. 6, 2024). Further, to the extent Felix is invoking U.S.S.G. § 1B1.13(b)(6), his argument is foreclosed by *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), *petition for cert. filed,* (U.S. July 22, 2025) (No. 25-81) (holding that the Sentencing Commission overstepped its authority when issuing the policy statement).[1]

### B. Rehabilitation Efforts

Felix also claims his progress toward rehabilitation establishes extraordinary and compelling circumstances. Doc. 134 at 4. Rehabilitation may be considered as a factor in favor of

---

[1] Subsection (b)(6) provides that the Court may find that a nonretroactive change in law may present extraordinary and compelling circumstances when:
> a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment…but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

3

a sentence reduction, but these efforts alone do not qualify as "extraordinary and compelling" reasons justifying compassionate release. *United States v. Parks*, No. 24-5566, 2025 U.S. App. LEXIS 265155, at *4 (6th Cir. Apr. 9, 2025). As such, this argument is similarly foreclosed.

### C. The Section 3553(a) Factors

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 F. App'x. 1007, 1008 (6th Cir. 2021). Although the Court finds Felix has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

In asking the Court to find the § 3553(a) factors weigh in his favor, Felix notes his time already served, general remorse, and again highlights his rehabilitation efforts. Doc. 134 at 5. However, upon consideration of all applicable § 3553(a) factors, the Court has determined that

release is not warranted in light of the circumstances of Felix's case. Most relevant here is the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). While Felix does not have a history of arrests, his activities uncovered in the underlying proceedings were egregious. Felix was part of a complex family-run operation that included trafficking large amounts of methamphetamine from Mexico to Akron. Doc. 70 at p. 5, ¶¶ 9–10. His family members suffered the consequences of this trafficking behavior before Felix did, and he was still not deterred from following in their footsteps. *See Sentencing Transcript*, Doc. 82 at pp. 38–39. This pattern shows Felix lacks respect for the law. Accordingly, the Court finds that deterrence and the safety of the public weigh heavily against release.

At the time of sentencing, the Court considered the applicable factors and determined that a 240-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court finds the same today.

### III. CONCLUSION

Felix does not present "extraordinary and compelling" circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence.[2] For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582* (Doc. 134) is DENIED.[3]

Date: October 23, 2025         /s/ John R. Adams
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

---

[2] Felix requests additional review of "mitigating character letters" from friends and family (Doc. 134 at 6), but any review is unnecessary as he does not meet the threshold requirement of presenting "extraordinary and compelling" circumstances.

[3] Defendants are not entitled to appointed counsel for the purposes of seeking compassionate release. *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Felix's claims are neither meritorious nor complex, and he has represented himself well. Therefore, his request for appointment of counsel (Doc. 134 at 8) is similarly DENIED.